## AMONETT, Executor, v., FISK.

A party to an action, to whom an interrogatory is propounded by his adversary, may state in his answer any matter pertinent to the issue, and clearly connected with the facts which his adversary is seeking to establish. The answer may be qualified by the statement of facts which would prevent the consequences of an absolute and unqualified answer.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Vason*, for the plaintiff. *Elmore* and *W. W. King*, for the appellant. The judgment of the court was pronounced by

SLIDELL, J. To what extent a party interrogated may carry his answers be-

yond a categorical reply to the questions propounded, was a subject considered in the case of *Haynes* v. *Heard*, 3. An. 648. The court below correctly refused to strike out a portion of the answers of the defendant, and they were properly received as evidence.*

Upon the question of privilege, we deem it unnecessary to do more than to refer to the satisfactory opinion of the district judge.

As the evidence was conflicting, and was considered by the district judge as leaving in doubt the right of the defendant to a judgment against the succession for the amount of the balance of the account, we will not disturb the judgment in that respect. But, under all the circumstances, we deem it equitable to reserve the rights of the defendant, if any there be, against the succession of *Slaughter.*

It is therefore decreed that the judgment of the court below be so amended, as to reserve the rights of the succession of *Abijah Fisk*, if any it may have, against the succession of *Saughter;* and that, so amended, the judgment be in all respects affirmed; the costs of the appeal to be paid by the appellee.

---

*Plaintiff propounded the following interrogatories to the defendant. "Did you receive the twenty-two bales of cotton consigned to you in the annexed bills of lading? Have you sold them? If yea, when and to whom, and at what price?" To these interrogatories the defendant answered: "He did receive twenty-two bales of cotton from *W. C. Watson*, the overseer of a plantation called *Deahl's* plantation, which was said to belong to the succession of *Slaughter : That said Watson acted as overseer, and had the management and control thereof, with the knowledge and consent of the legal representatives of the said succession; and that Watson informed the deponent that certain supplies were necessary to carry on the said plantation, and the hiring of certain negroes, of which deponent had the control, was necessary to save the then growing crop ; that this took place about the 5th of August : That deponent is certain; from his own knowledge of the affairs of said plantation and the means of the succession, that this information was correct : That he accordingly agreed to furnish the necessary supplies; and to hire the negroes, with the understanding that Watson was to send him the cotton made on the plantation for sale, and that he was to be reimbursed out of it : That deponent did furnish the supplies, as charged in his account filed with this answer, and did hire the negroes as therein charged, making the sum of* $1406 48 : *That Watson never sent him but the twenty-two bales above mentioned, which were sold to Messrs. F. M. Weld & Co., as per the annexed account of sales, and amounted to the nett price of* $555 80, *after paying the charges upon the same, which left a balance still due him of* $850 68." The motion of the plaintiff was, to strike out that part of the answer printed in *italics.*      R.